FARMER, APPELLANT, v. PHELPS, ET AL., APPELLEES.

1. AGENT'S COMMISSIONS.

An agent employed to find a purchaser for real estate is entitled to his stipulated commission, when he has produced a purchaser able and willing to buy upon the terms named by the owner.

2. PRACTICE—INSTRUCTIONS.

It is not error to refuse an instruction requested, when its substance is embodied in other instructions which have been given.

*Appeal from the District Court of Arapahoe County.*

Mr. F. A. WILLIAMS, for appellant.

Messrs. CRANSTON & PITKIN, for appellees.

PER CURIAM. Action for the recovery of commission for the sale of real estate. Appellees, as plaintiffs below, allege in their complaint that they were employed by appellant to procure a purchaser for a certain piece of real estate situate within the corporate limits of the city of Denver of which he was the owner; the selling price for the same being fixed at $15,000, of which amount $5,000 was to be paid in cash, the purchaser to assume an incumbrance of $4,000, and the balance of $6,000 to be secured by second trust deed upon the premises; for which services appellant, as it is claimed, promised to pay plaintiffs the usual rate of commission, amounting to $437.50. That on December 31, 1888, plaintiffs did procure a purchaser at the terms named, in the person of Mrs. Wilhelmina O'Connor, who was ready and willing to purchase the same. That this purchaser entered into a contract of purchase, making the first payment thereon to plaintiffs, but that appellant refused to accept her as a purchaser and refused to ratify the sale made by the plaintiffs as his agents. These allegations are supported by proof.

The appellant in his answer and testimony admitted placing the property with plaintiffs for sale for the sum of $15,000, and concedes that in case a sale was effected he was to pay them the amount claimed as commission. Appellant says, however, that the only terms upon which he agreed that appellees might sell the property were that the purchaser should assume an incumbrance of $4,000, and that the balance of $11,000 was to be paid in cash. Five or six days after the negotiations with appellant took place, the defendant admits to having sold the property to plaintiffs' customer, Mrs. O'Connor, for the sum of $15,000, of which amount $5,000 was paid in cash, $6,000 by a note secured by trust deed upon the premises, the remaining $4,000 being provided for by a note secured by a deed of trust upon the premises.

There is no contest about the amount of the commission as fixed by the jury, provided the plaintiffs are entitled to a recovery. The principal and only assignment of error relied upon by appellant in this court is based upon the refusal of

the court below to instruct the jury in accordance with his
fifth request. The instruction as presented is to the effect
that if the jury believed that the plaintiffs were authorized
to procure a purchaser only upon certain terms, and that they
failing to find a purchaser upon those terms abandoned their
endeavors to sell the property, the defendant could after-
wards sell to the same purchaser on the same or any other
terms without being liable to plaintiffs for a commission.
Some technical objections are urged to the wording of this
instruction. It is wholly unnecessary, however, to examine
the questions raised by such exceptions. An examination of
the instructions given by the court shows that the instruction
in substance was embodied in the third instruction given by
the court upon its own motion. It is fair to presume that the
fifth request was refused for this reason. It is sufficient,
however, for the purposes of this case that the instruction
was in fact embodied in the instructions given by the court.
In the instructions given the law of the case is fully and
clearly set forth, and thus the sole purpose of instructions
was accomplished. The evidence for plaintiffs is clear and
strong, and although some of its salient points are contra-
dicted by other evidence, the verdict cannot be disturbed.

The judgment will be affirmed.

*Affirmed.*